UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | | |
|---|---|---|
| JAY KLEINER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:08-CV-01712-LRH-PAL |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| Vons, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the court is Defendant Vons' Motion to Dismiss (#11[1]). In response, Plaintiff Jay Kleiner filed a "Motion to Omit Defendant's Motion" (#16) to which Vons replied (#17).[2]

This is an employment discrimination dispute arising out of Kleiner's employment as a manager for Vons. On October 2, 2007, Plaintiff filed a charge of discrimination with the Nevada Equal Rights Commission and the Equal Employment Opportunity Commission ("EEOC"), alleging that Vons discriminated against him on the basis of his disability. In particular he alleged he was not afforded a reasonable accommodation for his disability and was discharged because he is disabled. On September 15, 2008, the EEOC closed Plaintiff's charge and issued Plaintiff a right to sue letter informing him that he had ninety days to file suit.

On December 5, 2008, Plaintiff filed a complaint and an application to proceed in forma pauperis (#1). On January 26, 2009, the court denied Plaintiff's application without prejudice

---

[1] Refers to the court's docket entry number.

[2] Despite Plaintiff's characterization of his brief as a "motion," the brief is in fact a response to the motion to dismiss, and the court will construe it as such.

1  because the application was incomplete (#2).  The court gave Plaintiff thirty days to file a
2  complete application.  On February 2, 2009, Plaintiff filed a second application to proceed in
3  forma pauperis (#3), which the court granted on June 8, 2009 (#4).  At that time the court
4  directed the clerk to file the complaint (#5).
5       Vons appears to seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  To
6  survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule
7  of Civil Procedure 8(a)(2) notice pleading standard.  *See Mendiondo v. Centinela Hosp. Med.*
8  *Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  That is, a complaint must contain "a short and plain
9  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The
10 Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading
11 that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of
12 action" will not suffice.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic*
13 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
14      Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,
15 accepted as true, to state a claim to relief that is plausible on its face."  *Id.* at 1949 (internal
16 quotation marks omitted).  A claim has facial plausibility when the pleaded factual content
17 allows the court to draw the reasonable inference, based on the court's judicial experience and
18 common sense, that the defendant is liable for the misconduct alleged.  *See id.* at 1949-50.  "The
19 plausibility standard is not akin to a probability requirement, but it asks for more than a sheer
20 possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely
21 consistent with a defendant's liability, it stops short of the line between possibility and
22 plausibility of entitlement to relief."  *Id.* at 1949 (internal quotation marks and citation omitted).
23      In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as
24 true.  *Id.* (citation omitted).  However, "bare assertions . . . amount[ing] to nothing more than a
25 formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth."
26 *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (*quoting Iqbal*, 129 S. Ct. at 1951)
27 (alteration in original) (internal quotation marks omitted).  The court discounts these allegations
28 because they do "nothing more than state a legal conclusion – even if that conclusion is cast in

the form of a factual allegation." *Id.* (*citing Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (*quoting Iqbal*, 129 S. Ct. at 1949)

Vons argues dismissal of Plaintiff's complaint is warranted because Plaintiff's claim is time-barred by 42 U.S.C. § 2000e-5(f)(1). Although § 2000e-5 is a provision of Title VII, it also applies to claims alleging disability-based discrimination. 42 U.S.C. § 12117(a). Under § 2000e-5, upon dismissing a charge of discrimination, the EEOC must notify the claimant and inform him that he has ninety days to bring a civil action. 42 U.S.C. § 2000e-5(f)(1). In the Ninth Circuit, this ninety-day period operates as a limitations period. *Payan v. Aramark Mgmt. Services Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007) (citations omitted). Thus, if the claimant fails to bring suit within ninety days of receipt of the right to sue letter, his claims are time barred. *Id.* (citation omitted).

Nonetheless, for purposes of determining whether the limitations period has expired, the Ninth Circuit has adopted a "constructive filing" rule. For example, in *Loya v. Desert Sands Unified School District,* the court held, "[F]or purposes of the statute of limitations the district court should regard as 'filed' a complaint which arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements of local rules." 721 F.2d 729, 281 (9th Cir. 1983). In so holding, the court relied on a Fifth Circuit decision which held that the standard for determining when a complaint was filed should be "whether the complaint 'was ever in the actual or constructive possession of the clerk' . . . ." *Id.* (*quoting Leggett v. Strickland*, F.2d 774, 776 (5th Cir. 1981)). Similarly, in *Cintron v. Union Pacific Railroad Company*, the Ninth Circuit held that the clerk's rejection of the plaintiff's complaint for failure to pay the correct filing fee should not act as a bar to the plaintiff's claims because the clerk had constructive possession of the complaint. 813 F.2d 917, 920 (9th Cir. 1987).

Here, the court finds that Plaintiff "constructively filed" his complaint on December 5, 2008, when he first lodged a copy of the complaint with a request to proceed in forma pauperis. Plaintiff's renewed request to proceed in forma pauperis remedied the problem in his initial

1  application, and it appears that Plaintiff acted diligently in correcting his mistake.  As Plaintiff
2  initially acted within the statute of limitations, the court will not penalize him for making a
3  renewed request to proceed in forma pauperis pursuant to a court order, which the court
4  ultimately granted.
5       IT IS THEREFORE ORDERED that Vons' Motion to Dismiss (#11) is DENIED.
6       IT IS SO ORDERED.
7       DATED this 20th day of November, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE